IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE CARL WRIGHT | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | CASE NO. |
| | : | |
| v. | : | |
| | : | |
| ENHANCED RECOVERY COMPANY, LLC | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA").

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C.S. § 1692d. And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. § 1692e, while proscribing unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.S. § 1692f.

Defendant violates the FDCPA if they fail to convey information required by FDCPA; even if Defendant conveys required information, they nonetheless violate FDCPA when they convey that information in confusing or contradictory fashion so as to cloud the required message with uncertainty.

This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

Plaintiff therefore seeks hereby to recover statutory damage, as well as any actual damages deemed appropriate by the Court, together with reasonable attorneys' fees and costs.

## JURISDICTION

1. Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and the doctrine of pendent jurisdiction.

## PARTIES

2. Plaintiff, Bruce Carl Wright ("Plaintiff") is a natural person who resides in Philadelphia, Pennsylvania, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant, Enhanced Recovery Company, LLC, ("Defendant") is a limited liability company based in Florida, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its corporate headquarters at 8014 Bayberry Road, Jacksonville, FL 32256, Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. Beginning in January 2011, Plaintiff began receiving telephone calls from the Defendant.

5. The Defendant's agent referred to herself as "Peg".

6. Peg consistently calls Plaintiff in an attempt to collect a past due consumer debt owed by Plaintiff's mother.

7. Plaintiff's mother died in October of 2010.

8. Plaintiff continues to suffer from the loss of his mother.

9. Peg has been informed since January that Plaintiff's mother is deceased.

10. Peg demands that Plaintiff pay the alleged debt.

11. The calls placed by Peg are made to the cell phone of the Plaintiff.

12. Plaintiff has pleaded with Peg to stop calling.

13. Defendant's relentless and morbid attempts to collect a debt not owed by Plaintiff are harassing and have caused the Plaintiff undue stress and anxiety.

14. Defendant's agent Peg is undeterred by Plaintiff's request to cease communication.

15. Defendant has no legitimate or business purpose in calling Plaintiff.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### PLAINTIFF V. DEFENDANT

16. The foregoing paragraphs are incorporated herein as if more fully set forth hereafter.

17. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to:

   a. §1692d any conduct the natural consequence of which is to harass, oppress or abuse any person

   b. §1692e any other false, deceptive, or misleading representation or means in connection with debt collection

   c. §1692e(10) using false, deceptive means to collect an alleged debt;

  d.  §1692f any unfair or unconscionable means to collect a debt or attempt to collect the alleged debt

  e.  §1692f(1) attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.
#### Plaintiff v. Defendant

18. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

19. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendant is a "debt collectors" pursuant to 73 Pa. C.S. §2270.3.

20. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

21. The PCA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

22. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

23. Violations of the FDCPA are per se violations of the FCEUA and the UTCPL.

24. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

25. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of suit; and

d. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.
### Plaintiff v. Defendants

26. The foregoing paragraphs are incorporated herein by reference.

27. Plaintiff and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

28. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

29. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1;

      b.      Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

      c.      Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL;

31.      As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

32.      By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

    i.      An Order declaring that Defendant violated the UTPCPL;

    ii.      Actual damages;

    iii.      Treble damages;

    iv.      An award of reasonable attorney's fees and expenses and costs of suit; and

    v.      Such addition relief as is deemed just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

**Date:  July 28, 2011**       **BY:**   */s/  Bruce K. Warren BKW4066*
          Bruce K. Warren, Esquire

          **BY:**   */s/  Brent F. Vullings BFV 8435*
          Brent F. Vullings, Esquire
          Warren & Vullings, LLP
          93 Old York Road, Suite 333
          Jenkintown, PA  19046
          215-745-9800    Fax 215-745-7880
          Attorney for Plaintiff